# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | Case No. 1:18-cv-00852-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT |
| v. | (ECF No. 25) |
| WEISS, *et al.*, | |
| Defendants. | |

**I.    Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the undersigned issued findings and recommendations in Smith v. Chanelo ("Smith I"), Case No. 1:16-cv-01356-LJO-BAM (PC), recommending that: (1) the action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be

1

dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be dismissed for failure to state a cognizable claim. Smith I, ECF No. 16. The Court adopted the findings and recommendations in full on June 20, 2018, and the misjoined claims were opened as separate actions. (ECF No. 2.) Accordingly, the instant action was opened as Smith v. Weiss, Case No. 1:18-cv-00852-LJO-BAM (PC), and proceeds against Defendants E. Weiss, O. Hurtado, and F. Zavleta for the excessive force incident of November 15, 2013.

On July 12, 2019, a settlement conference was held before Magistrate Judge Stanley A. Boone, where the parties attempted to resolve the instant action as well as several other pending actions brought by Plaintiff. The case did not settle. (ECF No. 20.)

On July 8, 2019, Defendants Hurtado, Weiss, and Zavleta filed an answer to the complaint. (ECF No. 19.) The Court issued a discovery and scheduling order on July 15, 2019. (ECF No. 21.)

Currently before the Court is Plaintiff's motion to amend the complaint and a lodged second amended complaint, filed September 26, 2019.[1] (ECF Nos. 25, 26.) Defendants have not yet had the opportunity to file a response to Plaintiff's motion, but the Court find a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

## II. Motion to Amend

In his motion to amend the complaint, Plaintiff argues that his complaint is deficient in pleading facts sufficient for him to convey the full panoply of claims he is presently pursuing against the Defendants. Plaintiff further seeks to amend the complaint to join additional parties allegedly involved in Defendants' conduct of November 15 and 16, 2013. Plaintiff contends that there will be no prejudice to Defendants in permitting him to file an amended complaint, as discovery was only opened on July 15, 2019. Further, Plaintiff argues that the evidence he seeks to admit to the Court regarding this action, should trial become necessary, will require no additional effort to provide discovery by the defense, and *res judicata* and collateral estoppel would preclude Plaintiff from bringing forth his claims at a later time. (ECF No. 25.)

---

[1] The Court notes that no first amended complaint has been filed in this action. However, as Plaintiff has titled the proposed amended complaint as a second amended complaint, it has been lodged as such.

**A.     Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. These factors do not carry equal weight. Prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

**B.     Discussion**

As noted above, the complaint in this action was originally filed in Smith I, Case No. 1:16-cv-01356-LJO-BAM (PC), on July 14, 2017. Smith I, ECF No. 12. The complaint originally named over 42 individuals as defendants, and dealt with incidents spanning many years. After Plaintiff's failure to properly join claims and defendants pursuant to Federal Rules of Civil Procedure 18 and 20, the Court found it appropriate to sever certain cognizable claims and to dismiss other misjoined claims. (ECF No. 2.) Thereafter, Plaintiff attempted on multiple occasions to have the claims and defendants rejoined, through motions for relief from judgment, motions to amend, and motions for reconsideration. Smith I, ECF Nos. 20, 22, 24. All of these requests and proposed amended and supplemental complaints were denied, as the Court found no support for the existence of a conspiracy among the numerous defendants, and therefore no grounds that would warrant reconsideration of the earlier decision to sever Smith I and dismiss the otherwise unrelated claims. Id., ECF No. 27.

It is clear that the instant motion to amend is another attempt by Plaintiff to reintroduce defendants and claims that were already dismissed as improperly joined. The lodged second amended complaint names at least twenty additional defendants, and yet upon review of the allegations therein, the Court again finds no support for the existence of a vast conspiracy against

3

Plaintiff. Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion to amend is brought in bad faith. Plaintiff was given multiple opportunities prior to the severance of these claims to set forth allegations and arguments as to why these claims and defendants should be joined, and the Court has consistently found Plaintiff's contentions lacking.

Moreover, the Court finds that prejudice to the Defendants warrants the denial of Plaintiff's motion. The filing of an amended complaint at this juncture would cause undue delay, given the filing of Defendants' answer. Plaintiff's argument that an amended complaint would allow him to introduce evidence that may be necessary in the event of trial is unavailing. Plaintiff is not required to submit evidence to prove the truth of what is stated in the complaint. In the event it is necessary for Plaintiff to submit evidence in connection with a motion, trial, or a request from the Court, Plaintiff will have the opportunity to do so.

**III. Conclusion and Order**

Accordingly, Plaintiff's motion to amend the complaint, (ECF No. 25), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **September 30, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE