# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, <br><br> Plaintiff, <br><br> v. <br><br> WEISS, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00852-NONE-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER <br>(ECF No. 23) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT/ORDER <br>(ECF No. 28) |

**I.   Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the undersigned issued findings and recommendations in Smith v. Chanelo ("Smith I"), Case No. 1:16-cv-01356-LJO-BAM (PC), recommending that: (1) the action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be

1

dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be dismissed for failure to state a cognizable claim. Smith I, ECF No. 16. The Court adopted the findings and recommendations in full on June 20, 2018, and the misjoined claims were opened as separate actions. (ECF No. 2.) Accordingly, the instant action was opened as Smith v. Weiss, Case No. 1:18-cv-00852-LJO-BAM (PC), and proceeds against Defendants E. Weiss, O. Hurtado, and F. Zavleta for the excessive force incident of November 15, 2013.

On July 8, 2019, Defendants Hurtado, Weiss, and Zavleta filed an answer to the complaint. (ECF No. 19.) The Court issued a discovery and scheduling order on July 15, 2019. (ECF No. 21.) On September 26, 2019, Plaintiff moved to amend the complaint and lodged a second amended complaint. (ECF No. 25.) The Court denied the motion on October 1, 2019, finding that the motion to amend was brought in bad faith. (ECF No. 27.)

Currently before the Court are two motions: Plaintiff's motion for a protective order to quash his video conference deposition, (ECF No. 23), and Plaintiff's Motion for Relief from Judgment/Order. (ECF No. 28.) Defendants filed an opposition to the Motion for Relief from Judgment/Order. (ECF No. 29.) Defendants have not filed a response to Plaintiff's motion for a protective order, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

**II.     Motion for Protective Order to Quash Plaintiff's Deposition**

    **A.     Plaintiff's Arguments on Motion for Protective Order**

Plaintiff seeks to quash his video deposition, originally scheduled for September 24, 2019. (ECF No. 23.) Plaintiff argues he has five cases pending and the Defendants in these actions are obstructing and denying Plaintiff access to the court by impeding reviewing legal mail from the Court and destroying records in his position. The deposition was scheduled by the Deputy Attorney General defending this case shortly after Plaintiff arrived at Corcoran State Prison, from Pelican Bay State Prison where he is noted as being "out to court" in other matters. Plaintiff was transported to Corcoran State Prison for an Alternative Dispute Resolution proceeding before Magistrate Judge Stanley Boone in connection with Plaintiff's multiple federal lawsuits. Plaintiff contends that his legal papers have been destroyed in the move, denying him access to court.

Plaintiff has been trying to be transferred back to Pelican Bay because he was placed in Ad Seg unit in Corcoran State Prison, which Plaintiff contends is in violation of state law, he should not be housed at Corcoran, and staff is retaliating against him and is engaged in misconduct.  Plaintiff further explains difficulties he has had in finding, retrieving, and locating his legal papers.

Plaintiff alleges that the Deputy Attorney General knows that the rule violation report authored by the defendant "clearly denotes defendant violating rights afforded to [plaintiff] under the First, Fourth, Fifth, Eighth and Fourteenth Amendments" and of which the Deputy Attorney General "is well aware of thereby negating the need for any purported 'deposition' by the defense."  (ECF No. 23, p. 3 of 48.)  Plaintiff alleges that the deposition is being used by the Defendants in bad faith and a tool of harassment to keep him housed in Corcoran.  Plaintiff alleges that the defense has conspired with correctional officers, in scheduling his deposition, to continue to have him held in Ad Seg at Corcoran, when Plaintiff does not meet the requirement of an inmate to be held in Ad Seg.  Defendants are aware that Plaintiff does not possess his records to litigate his claims but scheduled the deposition in any event.

**B.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending.  The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).  Options available to the court include, among other things, forbidding the disclosure or discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters.  Id.

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information).  The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted.  In re Roman

Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)); Westmoreland v. Regents of the Univ. of Cal., No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019).

**C.    Discussion**

The deposition which Plaintiff seeks to quash was scheduled for September 24, 2019. This September 24, 2019 date has passed, and it appears as though the deposition did not go forward. Therefore, the motion for protective order is moot. Nonetheless, the Court deems it prudent to address taking Plaintiff's deposition in the future to guide the parties' conduct.

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ."[1] Fed. R. Civ. P. 30(a)(1). Deposition questions may relate to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A witness is required to answer as to matters within his or her own knowledge. A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

The Court does not construe Plaintiff's motion as a wholesale refusal to engage in his deposition. Plaintiff appears to acknowledge that his discovery obligations under the Federal Rules of Civil Procedure do not permit him to abdicate his responsibility to attend and meaningfully participate in his deposition. The Court agrees Plaintiff is obligated to allow defendants to take his deposition. Rather, Plaintiff contends that he did not have his legal files to produce the documents requested or to prepare for his deposition. Plaintiff is informed that he is required to appear at a properly noticed deposition and respond to questions by Defendants' counsel. In answering questions, he is not required to speculate or guess, although he may be asked to give an estimate of matters where estimates are commonly made (e.g., distance, size,

---

[1] This Court's scheduling order states: "Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court." (ECF No. 21.)

4

weight, etc.). Plaintiff may review documents or other evidence available at the deposition for the purpose of refreshing his memory. If Plaintiff does not have his legal papers, through no fault of his own, he is informed he must still appear for a properly noticed deposition. Plaintiff is informed that if his failure to provide the documents is due to an inability to photocopy, Plaintiff may ask defense counsel for an extension of time or make arrangements with defense counsel to exchange documents at the deposition, where counsel could assist Plaintiff in obtaining photocopies.

Accordingly, the Court will require the parties to meet and confer and agree on a date for Plaintiff's deposition on or before April 30, 2020, and the Court will extend the discovery deadline to conduct Plaintiff's discovery. Plaintiff's deposition shall take place on a single day and shall be limited to seven (7) hours, with reasonable breaks. Fed. R. Civ. P. 30(d)(1). To facilitate a productive deposition, and seek to obtain Plaintiff legal property, defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed and, if necessary, Pelican Bay State Prison, to determine where Plaintiff's legal property is located, and where it was transported to facilitate Plaintiff's review of his files. If any property is located in storage, then Defendants also should confirm if or when that property was transferred to Corcoran.

### III.     Motion for Relief from Judgment/Order is a Motion for Reconsideration

On October 15, 2019, Plaintiff filed a motion for relief form judgment/order under Fed. R. Civ. P. 60. (ECF No. 28.) Defendant filed an opposition to the motion on January 20, 2020. (ECF No. 29.) Plaintiff's Motion for Relief for Judgment/Order challenges this Court's order denying Plaintiff's request to file a second amended complaint. (See ECF No. 27.) The Motion for Relief from Judgment/Order seeks to allow Plaintiff to amend his complaint and add new defendants and claims.

As noted above, the complaint in this action was originally filed in Smith I, Case No. 1:16-cv-01356-LJO-BAM (PC), on July 14, 2017. Smith I, ECF No. 12. The complaint originally named over 42 individuals as defendants and dealt with incidents spanning many years. After Plaintiff's failure to properly join claims and defendants pursuant to Federal Rules of Civil Procedure 18 and 20, the Court found it appropriate to sever certain cognizable claims and to

5

dismiss other misjoined claims. (ECF No. 2.) Thereafter, Plaintiff attempted on multiple occasions to have the claims and defendants rejoined, through motions for relief from judgment, motions to amend, and motions for reconsideration. Smith I, ECF Nos. 20, 22, 24. All of these requests and proposed amended and supplemental complaints were denied, as the Court found no support for the existence of a conspiracy among the numerous defendants, and therefore no grounds that would warrant reconsideration of the earlier decision to sever Smith I and dismiss the otherwise unrelated claims. Id.; (ECF No. 27). The Court denied Plaintiff's request to file a second amended complaint in this action because the proposed second amended complaint named at least twenty additional defendants, and upon review of the allegations therein, the Court again found no support for the existence of a vast conspiracy against Plaintiff such that this case should be expanded. Having ruled on Plaintiff's request to file a second amended complaint, the current Motion for Relief from Judgment/Order, again, requests the Court to permit adding the new defendants and claims as proposed in the now-rejected second amended complaint. Because the motion seeks to reconsider the Court's prior ruling, the Court construes the Motion for Relief from Judgment/Order as a motion for reconsideration.

A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

This Court has ruled on Plaintiff's request to add defendants and claims multiple times and will not expend any further resources on this request. As this Court has noted before, the

instant motion to amend is another attempt by Plaintiff to reintroduce defendants and claims that were already dismissed as improperly joined. Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion to amend is brought in bad faith. Plaintiff was given multiple opportunities prior to the severance of these claims to set forth allegations and arguments as to why these claims and defendants should be joined, and the Court has consistently found Plaintiff's contentions lacking. Any such further requests will be subject to sanctions.

### IV. Repetitive, Duplicative, and Harassing Filings

Plaintiff has filed numerous repetitive, misnamed, overlapping, and otherwise harassing filings in this action. Such filings waste the Court's limited resources and delays the resolution of this action. Defendants have also been forced to file numerous oppositions regarding Plaintiff's filings. Plaintiff is warned that filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, will subject a party to sanctions. "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of Southern California v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)).

### V. Conclusion and Order

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. The motion for protective order, (ECF No. 23), is DENIED as moot;
2. The parties are directed to meet and confer, and agree on a date for Plaintiff's deposition, to be taken on or before **April 30, 2020**;
3. To facilitate a productive deposition, and seek to obtain Plaintiff's legal property, defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed and, if necessary, Pelican Bay State Prison, to determine where Plaintiff's legal property is located;

///

7

4. The Discovery Deadline is extended from March 15, 2020 to **April 30, 2020** and the Dispositive Motion Deadline is extended from May 26, 2020 to **July 1, 2020**; and

5. Plaintiff's Motion for Relief from Judgment/Order, (ECF No. 28), is DENIED.

IT IS SO ORDERED.

Dated: **March 2, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE