UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>WEISS, *et al.*,<br><br>Defendants. | No. 1:18-cv-00852-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING AND RENEWED MOTION FOR PROTECTIVE ORDER<br><br>(Doc. No. 41) |

**I.    Procedural History**

Plaintiff Lawrence Christopher Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the assigned magistrate judge issued findings and recommendations in *Smith v. Chanelo* ("*Smith I*"), Case No. 1:16-cv-01356-NONE-BAM (PC), recommending that: (1) the action proceed on plaintiff's first amended complaint only as to his excessive force claim against defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force with respect to the alleged incidents of: September 9, 2013 against defendant D. Knowlton; November 15, 2013 against defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against defendants D. Gibbs and D. Hardy; (3) plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and

1

September 2, 2015 be dismissed without prejudice to their re-filing; and (4) plaintiff's remaining claims and defendants be dismissed for failure to state a cognizable claim. *Smith I*, Doc. No. 16. The Court adopted those findings and recommendations in full on June 20, 2018, and plaintiff's misjoined claims were opened as separate actions. (Doc. No. 2.) Accordingly, the instant action was opened as *Smith v. Weiss*, Case No. 1:18-cv-00852-NONE-BAM (PC), and proceeds against Defendants E. Weiss, O. Hurtado, and F. Zavleta with respect to the alleged excessive force incident of November 15, 2013.

On July 8, 2019, Defendants Hurtado, Weiss, and Zavleta filed an answer to the complaint. (Doc. No. 19.) The magistrate judge then issued a discovery and scheduling order on July 15, 2019. (Doc. No. 21.) On September 26, 2019, plaintiff moved to amend the complaint and lodged a second amended complaint. (Doc. No. 25.) The magistrate judge denied the motion to amend on October 1, 2019, finding that it was brought in bad faith. (Doc. No. 27.)

On August 29, 2019, plaintiff filed a motion for a protective order seeking to quash his video deposition. (Doc. No. 23.) On October 15, 2019, plaintiff filed a motion for relief from judgment/order challenging the magistrate judge's order denying plaintiff's motion amend by which he sought to file a second amended complaint. (Doc. No. 28.) On March 2, 2020, the magistrate judge denied the two motions and directed the parties to meet and confer, and agree on a date for plaintiff's deposition, to be taken on or before April 30, 2020. The discovery deadline was extended to April 30, 2020, and the dispositive motion was extended to July 1, 2020. (Doc. No. 38.)

On March 30, 2020, plaintiff filed the instant motion seeking reconsideration of the magistrate judge's March 2, 2020 order, and a renewed his motion for protective order to quash or stay his deposition pending the court's resolution of his motion for reconsideration. (Doc. No. 41.) Defendants have not yet had an opportunity to file a response, however, the Court finds a response is unnecessary. Plaintiff's pending motions are deemed submitted. Local Rule 230(l).

**II.     Motion for Reconsideration**

Pursuant to Local Rule 303, a party may seek reconsideration of a magistrate judge's ruling by filing a request for reconsideration by a Judge and serve the request on the magistrate

judge and all parties, specifically designating the ruling, or part thereof, objected to and the basis for that objection. Local Rule 303(c). The applicable standard of review for such a request is the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). *See* Fed. R. Civ. P. 72(a).

### A. Denial of Motion for Protective Order

In his motion for reconsideration, plaintiff contends that the magistrate judge's denial of his motion for protective order, which requested that defendants be barred from taking plaintiff's deposition absent a showing of good cause, constitutes clear error. Primarily, plaintiff argues that a deposition in this matter is futile, as he is entitled to summary judgment as a matter of law based on his pleadings and a "Crime Report" regarding the November 15, 2013 incident placed at issue in this action. Plaintiff therefore argues that his deposition is unnecessary and merely a fishing expedition, meant to harass him and to force him to continue being housed at California State Prison – Corcoran, all of which constitutes good cause for the issuance of the protective order he requests. (Doc. No. 41, pp. 3–4.)

The magistrate judge originally construed plaintiff's motion as an argument that he should not be required to participate in his deposition because he did not have his legal files to produce the documents requested or to prepare for his deposition, rather than a wholesale refusal to engage in his deposition. (Doc. No. 38, p. 4.) However, as set forth in his motion for reconsideration, plaintiff now appears to be refusing to participate in any deposition, on the ground that he is entitled to summary judgment on the pleadings, and that any discovery conducted in this action would therefore be futile. (Doc. No. 41.)

Plaintiff is obviously incorrect. Plaintiff's belief that the allegations presented in his pleadings, without more, should result in the granting of summary judgment in his favor, does not relieve him of the obligation to participate in discovery as required by the Federal Rules of Civil Procedure. Plaintiff brought this civil action and defendants are clearly entitled to take his deposition. Plaintiff is simply unreasonably refusing to cooperate in that regard. Although plaintiff should be provided with his legal documents to allow him to adequately prepare for his deposition, there is no indication in the instant motion that a lack of legal documentation or

3

preparation prevented plaintiff from being deposed. Instead, plaintiff argues, without any support, that the taking of his deposition would be futile and constitute harassment. The court rejects that argument in its entirety. If plaintiff continues to fail to cooperate with discovery, this action may be subject to terminating sanctions due to plaintiff's failure to obey a court order and failure to cooperate in discovery. *See* Fed. R. Civ. P. 37(b)(2)(a)(v).

Plaintiff's mere disagreement with the magistrate judge's ruling on his request for the issuance of a protective order, as discussed above, is similarly not sufficient to meet the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(c). Plaintiff's request for reconsideration of this ruling will therefore be denied.

### B. Denial of Motion for Relief from Judgment/Order

In support of his request for reconsideration of the magistrate judge's denial of his motion for relief from judgment/order, plaintiff raises two main arguments. First, plaintiff contends that both the district judge and the magistrate judge assigned to this case are biased and should not preside over the instant action. Plaintiff then argues that any deficiencies in his pleadings are a result of the actions of defendants and their counsel in obstructing his access both to the courts and to adequate nutrition. (Doc. No. 41.)

On these grounds, plaintiff requests relief in the form of a protective order prohibiting defendants from conducting any deposition of him, by video or otherwise, and granting plaintiff permission to lodge a first amended complaint to include a viable claim of conspiracy against defendants pursuant to Federal Rule of Civil Procedure 22(a). (*Id*. at 6.)

#### 1. Alleged Bias of Assigned Judges

In this motion, plaintiff appears to argue that U.S. District Judge Lawrence J. O'Neill, the district judge previously assigned to the instant action, was prohibited from adjudicating this action (in addition to *Smith v. Chanelo* and the subsequent severed actions, discussed above) due to his bias against plaintiff and pursuant to 18 U.S.C. § 451.[1] Plaintiff claims that Judge O'Neill

---

[1] The Court notes that there is no 18 U.S.C. § 451. Plaintiff may have intended to cite to 28 U.S.C. § 455 regarding "[d]isqualification of justice, judge, or magistrate judge," however the lack of an accurate citation to statutory authority does not change the Court's analysis of this issue.

4

was a witness to alleged misconduct by defense counsel in one of plaintiff's prior actions, and therefore was privy to disputed material facts that were relevant to plaintiff's later cases. (Doc. No. 41, p. 5.)

Plaintiff further argues that U.S. Magistrate Judge Barbara A. McAuliffe is also biased, and alleges that the referral of his severed actions to her and Judge O'Neill were retaliatory, as evidenced by Judge McAuliffe's rulings in the severed actions. Plaintiff contends that Judge McAuliffe has repeatedly been made aware, through plaintiff's pleadings, of the conspiracy between defendants and their counsel to deny and violate plaintiff's rights, but has nonetheless repeatedly failed to act and has even gone so far as to act as counsel for defendants on several occasions in the various actions. Plaintiff argues that this establishes a bias by Judge McAuliffe that is in violation of federal law. (*Id.*)

A magistrate judge must disqualify himself or herself if their "impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if the magistrate judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," *Johnson*, 610 F.3d at 1147.

To the extent plaintiff is requesting recusal of District Judge O'Neill, that request is denied as moot, since Judge O'Neill is no longer an active district judge nor is he now presiding over this action.

As to Judge McAuliffe, as discussed above, plaintiff's primary objection to Judge McAuliffe's assignment to this action is that she has repeatedly issued orders ruling against him. However, this is not sufficient to show personal bias or prejudice by the assigned judicial officer. Plaintiff's belief that Judge McAuliffe is biased against him and that she has acted as counsel on

5

behalf of defendants does not make recusal either necessary or appropriate under § 455. *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1180 (9th Cir. 2005) (noting that speculative allegations of bias are not sufficient to warrant recusal). As such, any request for recusal with respect to Magistrate Judge McAuliffe will also be denied.

### 2. Access to Courts and Adequate Nutrition

Plaintiff next argues that it is a fact that defendants and their counsel have repeatedly obstructed his access to the courts by either actively participating in the destruction of his legal property or allowing prison staff to repeatedly deny him access to the prison law library. Further, plaintiff alleges that his cognitive reasoning ability has been impaired by denials of adequate nutrition and medical care, and therefore any deficiencies in his complaint pursuant to Federal Rule of Civil Procedure 15 and 22(a) regarding defendants' conspiracy to deny and violate his constitutional rights is excusable neglect on his part. (*Id*. at 5–6.) Plaintiff alleges that he became extremely sick while housed at CSP-Corcoran, and as a result he continues to suffer from an extreme inability to fully concentrate. (*Id*. at 7.)

The Court finds no merit to these allegations advanced by plaintiff. Exhibits attached to plaintiff's complaint reveal that he filed an inmate administrative appeal on November 4, 2019, alleging that he had been denied physical access to the facility law library since his arrival at the institution on June 28, 2019. (*Id*. at 8.) However, in the First Level response to his appeal, it appears that the law library records revealed that plaintiff was granted physical access to the law library on September 18, September 25, and October 2, 2019, but that plaintiff refused the access offered to him. Thereafter, plaintiff physically attended the law library on November 20 and December 11, 2019, and January 8, 2020. (*Id*. at 11.) Aside from plaintiff's unsupported allegations to the contrary, it appears to the Court that plaintiff has not been denied access to the law library at his institution of confinement.

Plaintiff has also attached patient education materials regarding "Anemia, Nonspecific," apparently in support of his contention that he has been denied access to adequate nutrition, thus impairing his ability to litigate this action. (*Id.* at 14–15.) However, the attached document does not specify the cause of plaintiff's anemia (at least nine common causes of anemia are listed, only

one of which references nutrition). Moreover, plaintiff's health conditions, which are being raised by him for the first time in the instant motion, do not provide a basis for a finding that the magistrate judge's ruling was "clearly erroneous or contrary to law."

**III.     Motion for Protective Order or Stay of Discovery**

Finally, plaintiff renews his motion for a protective order, or for a stay of discovery (his deposition) on the grounds that his motion for reconsideration is pending before the court for decision. (Doc. No. 41, p. 17.) Plaintiff states that on March 11, 2020, pursuant to the magistrate judge's order, defense counsel contacted plaintiff via telephone and notified plaintiff of counsel's intent to conduct a deposition of plaintiff on April 16, 2020. Plaintiff informed defense counsel of his intent to file a motion for a protective order. Defense counsel offered to assist in locating plaintiff's legal documents for forwarding to plaintiff's current institution of confinement, also as directed by the magistrate judge's order, but plaintiff instructed counsel that this would be futile, because plaintiff had been informed by prison officials that he would be sent back to Pelican Bay State Prison, where plaintiff's legal documents are apparently already located. Plaintiff informed defense counsel that he would prefer to address this issue once he was back at Pelican Bay and, if needed, plaintiff would request defense counsel's assistance from there. Defense counsel agreed, at plaintiff's request, to immediately forward to him a conformed copy of the "Crime Report" generated on November 15, 2013. (*Id.* at 21.)

Because the Court is resolving plaintiff's motion for reconsideration in this order, plaintiff's request for a protective order or for a stay of discovery on the basis that his motion remains pending before the court for decision will be denied as moot.

Plaintiff further argues that the issuance of a protective order is warranted because the Ninth Circuit has previously found good cause to deny discovery where a complaint did not raise factual issues that required discovery for its resolution, citing *Rae v. Union Bank,* 725 F.2d 478, 487 (9th Cir. 1984). To the extent plaintiff is again arguing that defendants should not be permitted to take his deposition on the ground that his pleadings provide sufficient evidence to warrant the granting of summary judgment in his favor, the Court remains unpersuaded. The cited case is inapplicable to the instant action. In *Rae* the Ninth Circuit concluded that a stay of

discovery was appropriate where the district court ultimately found that the plaintiff's federal claims were wholly insubstantial and frivolous and dismissed them without leave to amend. *Rae*, 725 F.2d at 479. At this juncture, in this case, a ruling of summary judgment solely on the basis of the pleadings would be premature since discovery is warranted in light of the factual allegations of the complaint.

**IV.     Conclusion**

As the magistrate judge warned in the order denying plaintiff's motions for a protective order and for relief from judgment/order, plaintiff's repetitive, misnamed, overlapping, and otherwise harassing filings waste this court's limited resources and delay the resolution of this action. The instant motion, wherein plaintiff is again attempting to abdicate his responsibility to participate in discovery and to renew his repeatedly rejected request to file a further amended complaint in this action, is no exception. Plaintiff is once again warned that the filing of additional baseless motions, including motions for reconsideration which merely repeat arguments already raised before the magistrate judge, will likely subject him to the imposition of sanctions, up to and including terminating sanctions. Furthermore, plaintiff's failure to cooperate in the taking of his deposition may also result in the imposition of terminating sanctions, due to plaintiff's failure to obey a court order and failure to cooperate in discovery.

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for reconsideration and motion for protective order, (Doc. No 41), are DENIED;
2. Plaintiff's deposition shall be taken on or before **April 30, 2020**; and
3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **April 3, 2020**

UNITED STATES DISTRICT JUDGE