# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>   Plaintiff,<br><br>   v.<br><br>WEISS, *et al.*,<br><br>   Defendants. | Case No. 1:18-cv-00852-NONE-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' THIRD MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER DEADLINES<br>(ECF No. 51)<br><br>ORDER CLARIFYING DEADLINE FOR PLAINTIFF TO FILE OPPOSITION OR RESPONSE TO DEFENDANTS' MOTION TO DISMISS<br>(ECF No. 50)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Weiss, Hurtado, and Zavaleta[1] for the excessive force incident of November 15, 2013, in violation of the Eighth Amendment.

Following Plaintiff's unsuccessful motion to quash or stay his deposition and Defendants' subsequent motions to modify the discovery and scheduling order deadlines due to the COVID-19 crisis, the current discovery deadline is October 27, 2020, and the current dispositive motion deadline is December 28, 2020. (ECF No. 47.)

---

[1] Erroneously sued as "Zavleta."

On August 12, 2020, Plaintiff filed a renewed motion for relief from judgment or order regarding the Court's orders rejecting his prior motions to be exempted from a deposition, as well as a renewed motion for a protective order prohibiting Defendants from taking Plaintiff's deposition. (ECF Nos. 48, 49.) On September 2, 2020, Defendants filed a motion to dismiss that includes their opposition to Plaintiff's motion for a protective order and motion for relief from judgment or order. (ECF No. 50.) Defendants also filed a third motion to modify the discovery and scheduling order deadlines. (ECF No. 51.)

In their motion to modify the discovery and scheduling order, Defendants state that, due to Plaintiff's pending motions to prohibit his deposition and Defendants' pending motion to dismiss, there is uncertainty as to whether Defendants will need to depose Plaintiff. Defendants argue that they have exercised diligence in this case, timely answering the complaint and noticing Plaintiff's original deposition for September 24, 2019. After Plaintiff's refusal to participate in the deposition and the Court's extension of the deadline for Plaintiff's deposition, Defendants attempted to reschedule the deposition for April 16, 2020. However, due to COVID-19-related challenges, Defendants have been unable to take Plaintiff's deposition, and have received two extensions of the discovery and dispositive motion deadlines. Although Defendants intended to re-notice Plaintiff's deposition in advance of the current discovery deadline, Plaintiff's newest motions indicating his refusal to be deposed, together with Defendant's pending motion to dismiss, may obviate the need for any discovery or dispositive motions in this case. Accordingly, Defendants request that, if necessary, the Court provide them 90 days from a ruling on the pending motions to depose Plaintiff and bring any necessary motions to compel, and 120 days from a ruling on the pending motions to file a dispositive motion. (Id.)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered the request, the Court finds good cause to grant the requested relief. Fed. R. Civ. P. 16(b)(4). Defendants have worked diligently to meet the deadlines set by the Court for taking Plaintiff's deposition and filing dispositive motions, but those deadlines are no longer feasible due to the circumstances surrounding the COVID-19 outbreak. Furthermore, the

parties' motions are pending before the Court, and discovery and dispositive motions may no longer be necessary depending on the outcome of those motions.  Finally, the Court finds that Plaintiff will not be prejudiced by the relief granted here.

Finally, the Court notes that because Defendants have filed their motion to dismiss together with their opposition to Plaintiff's motions, it has created some ambiguity as to the filing deadlines for Plaintiff's opposition to the motion to dismiss and his reply to Defendants' opposition of his motions.  Therefore, the Court finds it appropriate to clarify and extend the deadline for Plaintiff to file his opposition and reply, which may be combined in one document, if he chooses.  Defendants will be permitted the usual seven days to file a reply to Plaintiff's opposition after it is docketed.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' third motion to modify discovery and scheduling order deadlines, (ECF No. 51), is GRANTED;
2. The discovery and non-exhaustion dispositive motion deadlines set forth in the June 26, 2020 order granting Defendants' second motion to modify discovery and scheduling order deadlines, (ECF No. 47), are VACATED;
3. The discovery and non-exhaustion dispositive motion deadlines will be reset, as necessary, following resolution of the parties' pending motions;
4. Plaintiff's opposition to Defendants' motion to dismiss and reply to Defendants' opposition of his motions are both due **twenty-one (21) days** from the date of service of this order; and
5. **If Plaintiff fails to respond to Defendants' motion to dismiss in compliance with this order, the Court will consider the motion unopposed.**

IT IS SO ORDERED.

Dated:   **September 16, 2020**         /s/ *Barbara A. McAuliffe*         
                                        UNITED STATES MAGISTRATE JUDGE