# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>WEISS, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00852-NONE-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITH PREJUDICE FOR BAD FAITH CONDUCT**<br><br>(ECF Nos. 48, 49, 50)<br><br>**TWENTY–ONE (21) DAY DEADLINE** |

**I.  Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the undersigned issued findings and recommendations in Smith v. Chanelo ("Smith I"), Case No. 1:16-cv-01356-LJO-BAM (PC), recommending that: (1) the action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be

1

1  dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be
2  dismissed for failure to state a cognizable claim.  Smith I, ECF No. 16.  The Court adopted the
3  findings and recommendations in full on June 20, 2018, and the misjoined claims were opened as
4  separate actions.  (ECF No. 2.)  Accordingly, the instant action was opened as Smith v. Weiss,
5  Case No. 1:18-cv-00852-LJO-BAM (PC), and proceeds against Defendants E. Weiss, O. Hurtado,
6  and F. Zavleta for the excessive force incident of November 15, 2013.
7       On July 8, 2019, Defendants Hurtado, Weiss, and Zavleta filed an answer to the
8  complaint.  (ECF No. 19.)  The Court issued a discovery and scheduling order on July 15, 2019.
9  (ECF No. 21.)   On September 26, 2019, Plaintiff moved to amend the complaint and lodged a
10  second amended complaint.  (ECF No. 25.) The Court denied the motion on October 1, 2019,
11  finding that the motion to amend was brought in bad faith.  (ECF No. 27.)  Plaintiff followed with
12  two motions: Plaintiff's motion for a protective order to quash his video conference deposition, (ECF
13  No. 23), and Plaintiff's Motion for Relief from Judgment/Order which had precluded Plaintiff from
14  filing an amended complaint to rejoin all claims previously severed, (ECF No. 28).  On March 2,
15  2020, the Court denied Plaintiff's two motions finding that Plaintiff had acted in bad faith in seeking,
16  again, relief from the Court's order that Plaintiff could not amend the complaint to rejoin the severed
17  defendants and claims.  As to the protective order to preclude his deposition, the Court stated:
18  "Plaintiff is informed that he is required to appear at a properly noticed deposition and respond to
19  questions by Defendants' counsel."  (ECF No. 38, p. 4.)  Plaintiff filed a motion for reconsideration
20  by the District Judge of the order that Plaintiff must attend a deposition.  (ECF No. 41.)  The District
21  Judge denied Plaintiff's motion and found that Plaintiff was obligated to appear for his deposition.
22  (ECF No. 42.)  The Court concluded: "plaintiff's failure to cooperate in the taking of his deposition
23  may also result in the imposition of terminating sanctions, due to plaintiff's failure to obey a court
24  order and failure to cooperate in discovery."  (ECF No. 42, p. 8.)
25       On August 12, 2020, Plaintiff filed a renewed motion for relief from judgment or order
26  regarding the Court's orders rejecting his prior motions to be exempted from a deposition, as well
27  as a renewed motion for a protective order prohibiting Defendants from taking Plaintiff's
28  deposition.  (ECF Nos. 48, 49.)  On September 2, 2020, Defendants filed a motion to dismiss that

includes their opposition to Plaintiff's motion for a protective order and motion for relief from judgment or order. (ECF No. 50.)  Defendants seek terminating sanctions.

Currently before the Court are three motions: Plaintiff's Motion for Relief from Judgment/Order requiring Plaintiff to attend a deposition in this case, (ECF No. 48), Plaintiff's motion for a protective order regarding his deposition, (ECF No. 49), and Defendants' Motion to Dismiss, (ECF No. 50).

**II.     Overview of the Motions**

**A.     Plaintiff's Motion for Relief of Judgment or Order**

Plaintiff's Motion for Relief for Judgment/Order challenges this Court's order denying Plaintiff's request for a protective order from having Plaintiff's deposition taken.  (ECF No. 48.)  Plaintiff requests relief under Fed. R. Civ. P. 60.  Plaintiff says that a deposition of him is "needless" and unnecessary: "[a] deposition being conducted of me by the defendants for information in concern to the events surround their illegal use of force against me on November 15, 2013 is needless as this is an unduly burdensome vehicle for discovery of facts that are easily obtainable by the defendant from official records on filed for this matter, my previous pleading before the Court but more importantly the laws."  (ECF No. 48, p. 3 of 4.)  Plaintiff's requested relief is to be protected from participating in any deposition being held by defendants in this matter.  Id.

**B.     Plaintiff's Motion for Protective Order**

In like vein, Plaintiff moves for a protective order from having his deposition taken because it is "futile" since he is entitled to "a ruling of judgment as a matter of law," and having his deposition taken by Defendants is "harassing."  (ECF No. 49, p. 3 of 64.)  Plaintiff argues that the Eighth Amendment protects him from excessive force and that his facts of what occurred "clearly denote violating" the Eighth Amendment for the force disproportionate to the need.  Plaintiff then explains the factual errors that Defendants that made in violation of the Eighth Amendment.  (ECF No. 49, pp. 5–7.)

Plaintiff states that Defendants told Plaintiff that his deposition would be needed to explore facts of the case for their defense and whether to bring a motion for failure to exhaust

administrative remedies. Plaintiff alleges he complied with administrative remedies and that RVRs were issued against him for his purported assault of correctional officers. (ECF No. 49, pp. 8–12.) Plaintiff contends that defendants are prohibited from claiming an affirmative defense of Plaintiff's failure to exhaust administrative remedies. (ECF 49, p. 15.) Plaintiff states that these facts warrant that he be protected from a "harassing" deposition.

### C. Defendants' Motion to Dismiss and Opposition to Plaintiff's Motions

Defendants filed a Motion to Dismiss and Opposition to Plaintiff's motions, (ECF No. 50), which is briefly summarized as follows. Defendants request terminating sanctions. Defendants argue that Plaintiff has been repeatedly warned not to file repetitive and harassing motions, yet he has filed two more repeat, bad faith motions. His motions to be protected from a deposition have been previously denied and his current motions do not present any facts to excuse him from being deposed.

The scheduling order allows the deposition of any incarcerated person. When Plaintiff sought a protective order from being deposed, the Court denied the motion and cautioned Plaintiff had defendants were entitled to take his deposition. In ruling on Plaintiff's reconsideration of the Magistrate Judge's order denying protection from the deposition, the District Judge stated "defendants are clearly entitled to take his deposition. Plaintiff is simply unreasonably refusing to cooperate in that regard." (ECF No. 50, p. 3.) Plaintiff has been adequately warned in this case and also in Smith v. Chanelo, 1:16-cv-01356-NONE-BAM (PC), that he must submit to a deposition.

Plaintiff has filed two more motions which are duplicative of previously rejected arguments. He argues the deposition is futile, needless, burdensome and he is entitled to judgment as a matter of law. The Court should deny the frivolous and repeat motions.

The Court should sanction Plaintiff by terminating this case. There are ample authorities to dismiss. (ECF No. 50, pp. 8, 9.) Plaintiff has delayed this case, forced Defendants to forego a deposition, Defendants are prejudiced, the Court has had to expend resources on multiple court orders. No other sanctions are appropriate because Plaintiff is proceeding pro per and has not abided by the court orders. The only factor against dismissal is public policy favoring disposition

on the merits.  However, Plaintiff is the party required to move the case forward and is disregarding Court orders.  Plaintiff's bad faith motions should be denied and his refusal to comply with Court orders should result in the case being dismissed with prejudice.

### D. Plaintiff's Opposition to Defendants' Motion to Dismiss

Plaintiff states that he will not give a tit for tat response to Defendants' motion but will instead quote to the Court from the Court's prior rulings and cite from the Federal Rules of Civil Procedure.  (ECF No. 55.)[1]  Plaintiff then quotes from the Court's prior rulings and the Federal Rules.

## III. Discussion

Throughout the history of this case, Plaintiff has had a cavalier attitude to court orders and continues to refuse to abide with Court directives.

### A. The Court's Sanction Authority

#### 1. Federal Rule of Civil Procedure 11 and the Court's Inherent Authority

Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cty. of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997).  "'Frivolous filings' are those that are 'both baseless and made without a reasonable and competent inquiry.'" Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997) (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)).  "The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney or unrepresented party." McMahon v. Pier 39 Ltd. P'ship, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003).

---

[1] The Court has reviewed Plaintiff's opposition.  The Court does not find it productive to summarize what is already contained in either the Court's docket or the Federal Rules of Civil Procedure.  Plaintiff does not make any new arguments as to why his deposition should not be permitted.  It is significant to note that at no point in the lengthy opposition does Plaintiff agree he will comply with his discovery obligations and attend a deposition.  (At this point in these voluminous proceedings, given Plaintiff's conduct, the Court notes that it would not accept Plaintiff acquiescence that he would have his deposition taken.)  Plaintiff restates his position that the deposition is unnecessary, a fishing expedition, and meant to harass him.  He contends his arguments are sufficient to grant a protective order.  (ECF No. 55, pp. 4, 5.)  Plaintiff, in turn, asks for sanctions against Defendants for seeking his deposition.

In addition to Rule 11, courts also have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Fink v. Gomez, 239 F.2d 989, 991 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Pipe, 447 U.S. 752, 766 (1980)). Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id. at 994. Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

In addition, pursuant to the Court's Local Rules, this Court has the authority to impose any appropriate sanction to curtail abusive litigation tactics. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"), cert. denied, 516 U.S. 838 (1995); Delange v. Dutra Constr. Co., Inc., 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their local rules"). Individuals proceeding in pro per are bound by the Court's Local Rules just the same as licensed attorneys. See E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.").

2.     Federal Rule of Civil Procedure 37

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding,

delaying, or frustrating the fair examination of the deponent.

Federal Rule of Civil Procedure 37(d) authorizes the court "to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). The Court may sanction the party by "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," "staying further proceedings" until the party has complied with discovery requirements, and "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(d)(3) (incorporating sanctions from Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).

Rule 37 allows for terminating sanctions that dismiss a plaintiff's action where there has been willfulness, bad faith, or fault. Fed. R. Civ. P. 37(b)(2)(A)(v); Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."

### B.     The Court Finds that Plaintiff Acted in Bad Faith

Plaintiff's *pro se* status does not excuse intentional non-compliance with the Federal Rules of Civil Procedure or court orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer . . . ."); see also Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that district court could not decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding pro se).

Plaintiff has already been warned about filing repetitive, duplicative, and harassing filings. He has filed numerous repetitive, misnamed, overlapping, and otherwise harassing filings in this action. Both of Plaintiff's current motions, the Motion for Relief from Judgment/Order requiring Plaintiff to attend a deposition in this case, (ECF No. 48), and the Motion for a Protective Order regarding his deposition, (ECF No. 49), were previously decided adversely to Plaintiff. Both of these motions were previously addressed by multiple judges in this Court who unequivocally held that Plaintiff must attend his deposition. The arguments he makes and has made in prior motions, that "the taking of his deposition would be futile and constitute harassment," has previously been

ruled on and soundly rejected: "The court rejects that argument in its entirety." (ECF No. 42, p. 4.)

Yet despite clear orders and guidance from the Court, Plaintiff has again brought repetitive motions on the same issue without any new arguments. He seeks to shirk his discovery obligations to attend a deposition and instead requires that Defendants "take his word for it." Estate of Blue, 120 F.3d 982, 985 (9th Cir. 1997) (Frivolous filings are "those that are both baseless and made without a reasonable and competent inquiry."), cert. denied, 522 U.S. 1111 (1998). Plaintiff's repeat motions waste the Court's limited resources and delays the resolution of this action. Defendants have also been forced to file numerous oppositions regarding Plaintiff's filings. Plaintiff was warned that filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings was considered bad faith or for the purpose of harassment, to which Plaintiff would be subject to sanctions. (See ECF No. 38, p. 7; ECF No. 42, p. 8.) "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of S. Cal. v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). Both of Plaintiff's motions are baseless.

This is not the first time in this case, or in Plaintiff's other cases, that the Court has found Plaintiff has acted in bad faith. (See ECF No. 27, p. 4: "Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion to amend is brought in bad faith;" ECF No. 38, p. 7: "Plaintiff is warned that filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, will subject a party to sanctions.") He has been determined to be "unreasonably refusing to cooperate" with his deposition, and was warned: "If plaintiff continues to fail to cooperate with discovery, this action may be subject to terminating sanctions due to plaintiff's failure to obey a court order and failure to cooperate in discovery. See Fed. R. Civ. P. 37(b)(2)(a)(v)." (ECF No. 42 p. 4.) In a companion case, Smith v. Chanelo, Case No. 1:16-cv-

8

01356-NONE-BAM (PC), on March 20, 2020, Plaintiff was told, "Plaintiff is reminded that his discovery obligations under the Federal Rules of Civil Procedure do not permit him to abdicate his responsibility to attend and meaningfully participate in his deposition. Plaintiff is obligated to allow Defendants to take his deposition, regardless of whether he believes that his complaint is sufficient to warrant a ruling of summary judgment in his favor." (Case No. 1:16-cv-01356-NONE-BAM (PC), Doc. No. 58, p. 8.) Plaintiff was fully on notice not to file repetitive motions and that he must attend his deposition.

There is no objective reasonable basis for Plaintiff to conclude that he was justified in pursuing a protective order or not appearing for a deposition. See Bhambra v. True, No. 09–cv–4685–CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010) (where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted.) The continual assertion of these claims is frivolous, and the Court concludes they are not filed for a proper purpose. Hudson v. Moore Business Forms, Inc., 836 F.2d 1156, 1163 (9th Cir. 1987) (Groundless claims included in a pleading for purpose of harassment justify sanctions . . . even if the entire pleading is not for an improper purpose.) Plaintiff's conduct has been vexatious and designed to improperly expand, prolong and complicate this case. Accordingly, the Court finds that Plaintiff has acted in bad faith.

In short, the Court finds that Plaintiff's conduct in this case is obstructive and constitutes willful disregard for the Court's orders, abusive and bad faith litigation tactics, and the needless multiplication of the proceedings. The Court next turns to whether terminating sanctions are appropriate.

**C.    Consideration of Factors Warranting Dismissal**

In determining whether to dismiss an action, the Court considers: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). The amount of prejudice resulting from discovery violations and the availability of less drastic sanctions are "key factors." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

The public's interest in expeditious resolution of litigation weighs in favor of dismissal. The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Here, at every turn, Plaintiff attempts to delay the proceedings, and deprive Defendants of their right to take Plaintiff's deposition. Defendants are entitled to examine Plaintiff about the facts upon which Plaintiff bases his claims. This case has been pending since 2018, and it should be a relatively straightforward excessive force case. However, given Plaintiff's continued refusal to comply with the Court's order compelling discovery responses, the first factor weighs strongly in favor of dismissal of this action.

The second factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." See Ferdik v. Bonzelet, 963 F.2d 1261 (9th Cir. 1992), as amended (May 22, 1992) ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik.")

As detailed throughout this order, and as is located throughout the docket in the case, the Court has devoted inordinate amounts of time to deal with what should be a limited-in-scope claim. And, once again, because of his conduct in bringing the motions to protect him from a deposition, the Court is required to devote substantial time to reviewing the totality of the case and assessing whether dismissal is appropriate. Plaintiff's conduct has diverted the Court from the voluminous number of other cases pending which are competing for its limited resources. Thus, the factor of the Court's need to manage its docket weighs strongly in favor of dismissal.

The third factor—prejudice to the Defendants—also favors dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir.2006) (quoting Adriana Int'l Corp. v. Thoerren, 913 F.2d 1406, 1412 (9th Cir.1990)). Defendants have been unable to take Plaintiff's deposition to inquire into his claims. Defendants have also been forced to oppose Plaintiff's repetitive and meritless motions which unduly delay the proceedings in this case.

For the fourth factor, this Court has not lost sight of the strong interest in resolving cases on the merits. But even this strong interest in deciding cases on the merits cannot override a litigant's conduct in refusing to abide by court orders. Although generally the public policy favoring disposition of cases on the merits would weigh in favor of a lesser sanction than dismissal, here, where Plaintiff's misconduct is the cause of delays and prejudice to Defendants, that factor does not weigh in Plaintiff's favor. See In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir.2006). But as explained above, in this case, Plaintiff has now repeatedly disregarded the Court's orders. This factor weighs only slightly against dismissal.

No lesser sanction is warranted. A district court must consider the impact of a sanction and whether a less severe sanction would adequately address a party's failure to engage in the discovery process. Malone v. U.S. Postal Serv., 833 F.2d 128, 131–32 (9th Cir. 1987). The Court has considered lesser sanctions, but no lesser sanction is warranted. Evidentiary sanctions would be ineffective, as Plaintiff would still be able to testify to information that he withheld from Defendants at the deposition and the Court would have no practical way of excluding such testimony. Monetary sanctions are also ineffective because of Plaintiff's *in forma pauperis* status. He would likely be unable to pay any monetary sanctions.

Additionally, the Court admonished Plaintiff about his discovery obligations and warned him about the consequences of noncompliance, but Plaintiff has indicated no intent to comply with any rulings or orders by the Court. Indeed, in opposing Defendants' motion for sanctions, Plaintiff did not agree to submit to a deposition.[2] The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. The Court finds that there are no other, lesser sanctions that would be satisfactory or effective.

**D.    Prior Warnings were Given in Clear and Explicit Terms**

Before ordering a terminating sanction, a court must warn the offending parties and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being

---

[2] The Court would have, in any event, significantly discounted any reliance upon such a statement from Plaintiff.

11

considered as a sanction weighs heavily against the sanction. U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 605 (9th Cir. 1988).

Plaintiff has been warned in adamant terms that his continued conduct risked dismissal. Plaintiff was warned that "filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, will subject a party to sanctions." (ECF No. 38, p. 7.)  Plaintiff was again warned that, "the filing of additional baseless motions, including motions for reconsideration which merely repeat arguments already raised before the magistrate judge, will likely subject him to the imposition of sanctions, up to and including terminating sanctions." (ECF No. 42, p. 8.) And most strongly that "plaintiff's failure to cooperate in the taking of his deposition may also result in the imposition of terminating sanctions, due to plaintiff's failure to obey a court order and failure to cooperate in discovery." Id.  Therefore, Plaintiff has been repeatedly and adequately warned that his conduct risked dismissal of his case.

Here, the Court also considers Plaintiff's bad faith in light of concerns of judicial economy.  Plaintiff's conduct imposes an unnecessary and extreme burden on the Court's limited resources.  By failing to abide by Court orders and heed the limitations imposed by law, Plaintiff's disregard of judicial rulings imposes a significant burden on limited resources to review and decide meritless, repetitious and voluminous filings.  Accordingly, this Court recommends that this case be DISMISSED as a terminating sanction.

## IV.     Conclusion and Recommendations

For the reasons set forth above, the Court HEREBY RECOMMENDS as follows:

1. Plaintiff's Motion for a Protective Order, (ECF No. 49), and Motion for Relief from Judgment (ECF No. 48) be DENIED;
2. Defendants' motion to dismiss/for terminating sanctions, (ECF No. 50), be GRANTED and that this case be DISMISSED WITH PREJUDICE; and
3. All proceedings in this case are STAYED pending resolution of these Findings and Recommendations.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 10, 2020**           /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE