UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>WEISS, *et al.*,<br><br>    Defendants. | No. 1:18-cv-00852-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITH PREJUDICE FOR BAD FAITH CONDUCT<br><br>(Doc. No. 58) |

Plaintiff Lawrence Christopher Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 11, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a protective order and motion for relief from judgment be denied, defendants' motion to dismiss/for terminating sanctions be granted, and that this case be dismissed with prejudice. (Doc. No. 58.) The magistrate judge found that terminating sanctions were appropriate due to plaintiff's bad faith conduct in refusing to comply with his discovery obligations and needlessly multiplying court proceedings by filing repetitious and voluminous filings. (*Id.*) Following the granting of an extension of time, plaintiff filed objections to the findings and recommendations on February 12, 2021. (Doc. No. 61.)

The court has reviewed plaintiff's objections and a purported counterclaim for contempt, which are 39 pages long and include more than 100 pages of exhibits. Plaintiff's objections

1 largely relate to the underlying merits of this action, arguing that plaintiff is entitled to summary
2 judgment in his favor and therefore defendants' requests to take his deposition are harassing and
3 unnecessary.  Plaintiff further argues that even if the court finds that summary judgment is not
4 appropriate, he should be permitted to amend his complaint to join claims from numerous other
5 pending cases he has before this court.  This is the precise conduct for which the magistrate judge
6 has recommended terminating sanctions, and the court finds plaintiff's objections to be baseless.

7       As to plaintiff's purported contempt claim against defendants, the court is also
8 unpersuaded.  To the extent plaintiff argues that a finding of contempt is appropriate based on the
9 actions of defendants or defense counsel in other cases, or other purported violations of plaintiff's
10 civil rights by individuals who are not defendants in this action, those arguments will be
11 disregarded as unrelated to the instant case.  As to plaintiff's argument that defendants should be
12 found in contempt of court orders due to their failure to provide plaintiff with his necessary legal
13 materials in preparation for the July 12, 2019 settlement conference, the court finds that this
14 failure was merely an oversight, rather than evidence of bad faith conduct by defendants or other
15 prison officials.  The court finds no support for a finding of contempt against defendants in this
16 action.

17       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
18 *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's
19 objections, the court finds the findings and recommendations to be supported by the record and
20 by proper analysis.

21       Accordingly,

22       1. The findings and recommendations issued on December 11, 2020, (Doc. No. 58), are
23          adopted in full;

24       2. Plaintiff's motion for a protective order, (Doc. No. 49), and motion for relief from
25          judgment, (Doc. No. 48), are denied;

26       3. Defendants' motion to dismiss/for terminating sanctions, (Doc. No. 50), is granted;
27 /////
28 /////

4. This action is dismissed, with prejudice, due to plaintiff's bad faith conduct; and

5. The Clerk of the Court is directed to close this case and terminate all other pending motions and deadlines.

IT IS SO ORDERED.

Dated: __**March 5, 2021**__   /s/ Dale A. Drozd

UNITED STATES DISTRICT JUDGE